IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CBT NUGGETS, L.L.C.,

    Plaintiff,

v.

TRI NGUYEN,

    Defendant.

Civ. No. 6:12-cv-291-MC

**ORDER**

MCSHANE, Judge:

    A mistrial in this action was ordered from the bench on 01/13/2014, for the reasons stated on the record and further delineated herein. The cause of this mistrial was based exclusively on error by the plaintiff, stemming from the trial testimony of the plaintiff himself, Mr. Dan Charbonneau, owner and founder of CBT Nuggets, LLC.

    During Mr. Charbonneau's testimony before the jury, he made multiple references to settlement offers and discussions that occurred between Mr. Charbonneau and the defendant, including specific mention of a $50,000 settlement offer by the defendant "just last week." Mr. Charbonneau twice repeated aloud that the defendant and this litigation had cost him in excess of $100,000 in attorney fees, suggesting that compensation for the attorney fees should be considered by the jury in assessing damages. Mr. Charbonneau also made reference to the

1 – ORDER

defendant's alleged conduct as being criminal in nature, by referring to the defendant as a "criminal" and later a "thief." While testifying, Mr. Charbonneau was warned at least twice by the court to refrain from such testimony and the jury had to be told to disregard his statements. Mr. Charbonneau disregarded the court's admonitions. His testimony was in direct violation of the court's pre-trial rulings that the plaintiff himself was so adamant to enforce.

Prior to trial, during the pre-trial conference and through motions *by the plaintiff* [#92, #103, #112], this court went to great length to ensure that such prejudicial and inadmissible statements would not be introduced during trial. The Court repeatedly admonished the defendant at the request of the plaintiff to refrain from introducing exhibits or testimony that referenced settlement discussions between the parties. One of the central concerns raised by the plaintiff during the fiercely contested discovery process and in pre-trial filings was the exclusion of this very evidence. The defendant, appearing pro se, complied with these pretrial orders and expectations. The plaintiff did not.

A trial court has the inherent power under common law to grant a mistrial and order a new trial based on significant procedural or evidentiary error, or for serious misconduct by a party, counsel, or a witness that materially impairs a party's right to a fair and impartial trial. This court also has the authority to impose sanctions as authorized by Fed. R. Civ. P. 16(f) and 37(b) in cases where a party or counsel fails to comply with procedures and orders.

The interests of justice required a mistrial in this case. Under the totality of the circumstances, the prejudice to the defendant from the introduction of multiple previous settlement negotiations and references to criminal conduct could not be alleviated by curative instructions to the jury, and it affected the defendant's substantial rights, as defined by Fed. R. Civ. P. 61. Federal Rule of Evidence 103(d) mandates that the court must conduct a jury trial so

2 – ORDER

that inadmissible evidence is not suggested to the jury by any means. By revealing prejudicial information to the jury during his testimony, the plaintiff broke this rule. Mr. Charbonneau's improper remarks referring to inadmissible evidence made it reasonably probable that the jury's verdict would have been influenced by his prejudicial statements regarding settlement discussions and offers.

For these reasons, the court imposes **monetary sanctions,** which is within its discretion (*see, e.g., De Dios v. Int'l Realty & Inv.*, 641 F.3d 1071, 1076 (9th Cir. 2011)), on the plaintiff in as follows:

1. Reimbursement for the defendant's travel costs to include the costs of roundtrip airfare to/from Rochester, NY and Eugene, OR for the *new* trial and reimbursement of hotel costs from 1/12/14 to 1/15/14.

2. Any airline fees incurred by the defendant for having to change to an earlier flight back to Rochester after the mistrial.

3. The plaintiff *may* also be responsible for additional monetary sanctions to be determined and awarded as an offset to any potential judgment in the plaintiff's favor after the new trial, once the degree of prejudice to the defendant can be more accurately assessed. Any potential statutory attorney's fees included in a judgment in the plaintiff's favor will also be offset, so as not to include any legal fees or costs incurred as a direct result of the mistrial.

3 – ORDER

Given this matter and the prior discovery sanctions imposed by the court on plaintiff [#112], the court finds that it is in the interest of justice to **appoint legal counsel** for the defendant through the United States Court Pro Bono Program. A separate order of appointment will be filed immediately. This action is ordered **stayed** until counsel has been appointed and accepted by the defendant. Upon acceptance of counsel, a status conference will be held to select new trial dates and discuss how the case will proceed.

IT IS SO ORDERED.

DATED this 14th day of January, 2014.

_____
Michael J. McShane
United States District Judge

4 – ORDER