Dexter A. Johnson, OSB #943487
1805 Church St. SE
Salem, OR 97302
Email:  dexter@dexterjohnsonlaw.com
Phone: (503) 559-2354
Fax:     (503) 373-1043

Attorney for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| CBT NUGGETS, L.L.C, <br><br> Plaintiff, <br><br> v. <br><br> TRI NGUYEN, HUE NGUYEN, HUNG TRAN, JOHN CAST, MIKE SCHEWE, nicetodobusinesswithyou, examread, examworld@gmail.com, examgrand@gmail.com, hnt4585@gmail.com, hnt2937, <br><br> Defendants. | Case No. 6:12-cv-00291-MC <br><br><br> DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES IN RESPONSE TO FIRST AMENDED COMPLAINT <br><br> Demand for Jury Trial |

In answer to Plaintiff's Complaint as amended on April 27, 2012 (Dkt. 4), Defendant Tri Nguyen entirely replaces Defendant's previously filed answer (Dkt. 6, filed June 6, 2012) with this First Amended Answer and Affirmative Defenses, as follows:

### I. Nature of Action

1.     Defendant admits that Plaintiff purports to state a claim for copyright infringement under the Copyright Act of 1976, 17 U.S.C § 101 *et seq*.  Except as so admitted, defendant denies the allegations of paragraph 1.

### II.  Jurisdiction and Venue

2.     Defendant admits the allegations of paragraph 2.

3.     Defendant admits the allegations of paragraph 3.

### III. Parties

4. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 4 and so denies the same.

5. Defendant admits the allegations of paragraph 5.

6. In answer to paragraphs 6 through 15, this Court has ordered that all defendants other than Tri Nguyen be severed from this action. See Minutes of Final Pretrial Conference (1/7/2014), Dkt. 112. Accordingly, defendant denies the allegations of paragraphs 6 through 15.

7. Because of this Court's order severing all defendants other than Tri Nguyen from this case (Dkt. 112), defendant denies the allegations of paragraph 16 and avers that the term "Defendants" or "Defendant" refers to Tri Nguyen.

### IV. Infringement of Copyrights

8. In answer to paragraph 17, Defendant re-alleges and incorporates by reference his answers to paragraphs 1 through 16 set forth above.

9. Defendant admits that Plaintiff produces and distributes instructional training materials. Except as so admitted, Defendant denies the allegations of paragraph 18.

10. Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 19 and so denies the same.

11. Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 20 and so denies the same.

12. In answer to paragraph 21, Defendant admits that at any one time there are numerous postings of Plaintiff's videos available on YouTube or other Internet sites for any member of the public to watch without charge, but defendant is not responsible and has never been responsible for those postings. Except as so admitted, Defendant denies the allegations of paragraph 21.

13. In answer to paragraph 22, Defendant states that the allegations in paragraph 22 state legal conclusions for which no response is required, and on that basis deny those allegations.

14. On information and belief, Defendant denies the allegations in paragraphs 23 through 26.

15. Except as so admitted in the preceding paragraphs, defendants deny each and every allegation of Plaintiff's complaint and the whole thereof.

## AFFIRMATIVE DEFENSES

### V. First Affirmative Defense – Failure to state claim

16. Some or all of the Plaintiff's claims fail to state a claim upon which relief can be granted.

### VI. Second Affirmative Defense – Copyright abandonment

17. Plaintiff's claims are barred by the doctrine of copyright abandonment. Plaintiff's training materials are broadly disseminated throughout the Internet and available on YouTube and other websites for viewing or other use by the public without payment of any consideration to Plaintiff for that use. Such broad dissemination on the Internet with apparent acquiescence by Plaintiff constitutes an overall message informing the public that Plaintiff's works are in the public domain and moreover is sufficient to serve as an overt act manifesting an intent to abandon copyright.

### VII. Third Affirmative Defense – Failure to mitigate

18. Plaintiff's claims are barred because Plaintiff failed to exercise reasonable control over Plaintiff's allegedly copyrighted material by permitting broad dissemination over the Internet, and thus has failed to undertake reasonable efforts to mitigate or minimize alleged damages. Plaintiff is therefore barred from or limited in its scope of recovery of such damages.

### VIII. Fourth Affirmative Defense – Equitable estoppel

19. Some or all of Plaintiff's claims are barred by the doctrine of equitable estoppel. Plaintiff's employee and others acting on Plaintiff's behalf requested that Defendant obtain examples of Plaintiff's works and induced defendant to deliver those works to Plaintiff. Plaintiff's employee and agents did so under a veil of secrecy. Defendant observed the prevalence of Plaintiff's works on YouTube and other public websites, and was ignorant of any purported claim of copyright being made by Plaintiff. Defendant relied on Plaintiff's

Page 3- Defendants' Amended Answer and Affirmative Defenses to
 First Amended Complaint

Dexter A. Johnson
1805 Church St. SE
Salem, OR 97302
(503) 559-2354

inducement and the prevalence of Plaintiff's work in the public domain. Defendant was injured as a result of that reliance.

## IX. Fifth Affirmative Defense – Unclean hands

20.  Plaintiff's claims are barred by the doctrine of unclean hands, because:

(a) Plaintiff failed to take adequate steps to protect Plaintiff's allegedly copyrighted works;

(b) Plaintiff engaged in a systematic campaign against Defendant and other alleged infringers, under which Defendant was informed of past prosecution efforts by the Federal Bureau of Investigation and threatened with being investigated by the Federal Bureau of Investigation, Internal Revenue Service or other law enforcement authorities unless Defendant paid Plaintiff $ 250,000; and

(c) Plaintiff's threat of informing against a violation of the laws of the United States unless Plaintiff received $250,000 constitutes blackmail under [18 U.S.C. § 873](#) and an abuse of legal process warranting application of the doctrine of unclean hands to bar Plaintiff's claims.

## X. Sixth Affirmative Defense – Innocent infringement

21.  Notwithstanding any other defenses set forth and without admitting any conduct alleged by Plaintiff, if Defendant is liable for infringing Plaintiff's copyrighted material, then Defendant requests waiver or elimination of damages and Plaintiff's attorneys' fees as Defendant would be an innocent infringer under the law. Defendant would be an innocent infringer because his access to any of Plaintiff's material would not have been willful but rather in good faith and, given the prevalence of Plaintiff's material on numerous Internet websites, in reasonable reliance on Plaintiff's material not being copyrighted, being within the public domain or otherwise subject to fair use.

////

////

////

**XI.  Seventh Affirmative Defense – Barring of statutory damages as not commensurate**

22. Notwithstanding any other defenses set forth and without admitting any conduct alleged by Plaintiff, Plaintiff's claims for statutory damages fail to be commensurate with any actual damages incurred by Plaintiff.

**DEMAND FOR JURY TRIAL**

23. Defendant hereby demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for relief against Plaintiff CBT Nuggets L.L.C., as follows:

    A.    That the Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

    B.    That Defendant be awarded his attorney's fees as provided by 17 U.S.C. § 505;

    C.    That Defendant be awarded his costs of suit incurred in defense of the Complaint; and

    D.    For such other and further relief as the Court deems just and proper.

DATED this 23rd day of July, 2014.

    /s/  Dexter A. Johnson
Dexter A. Johnson (OSB No. 943487)
1805 Church St. SE
Salem, OR 97302
Tel.:  503-559-2354
Fax:  503-373-1043
Email:  dexter@dexterjohnsonlaw.com
Attorney for Defendants

CERTIFICATE OF SERVICE

I certify that on July 23, 2014, I served the foregoing document captioned DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES IN RESPONSE TO FIRST AMENDED COMPLAINT upon the parties hereto by using the CM/ECF system, which will send a notice of electronic filing to the following:

E. Bradley Litchfield
Hutchinson Cox Coons & DuPriest
777 High Street
Suite 200
Eugene, OR 97401
541-646-9160
Fax: 541-343-8693
brad.litchfield@eugene-law.com

Samuel L. Roberts
Hutchinson Cox Coons DuPriest
PO Box 10886
Eugene, OR 97440
(541) 686-9160
Fax: (541) 343-8693
sroberts@eugene-law.com

    /s/ Dexter A. Johnson
Dexter A. Johnson #943487
1805 Church St. SE
Salem, OR 97302
Tel. (503) 559-2354
Fax (503) 373-1043
dexter@dexterjohnsonlaw.com

Page 1-   CERTIFICATE OF SERVICE